**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **DARLENE BAUMANN,** individually and on behalf of all others similarly situated, | Case No. 1:22-cv-1149 |
| *Plaintiff*, | **CLASS ACTION** |
| v. | **DEMAND FOR JURY TRIAL** |
| **INTERNATIONAL CONFERENCE MANAGEMENT INC. d/b/a THE IMAGE EXPO** | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone

solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an

abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . .

initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is

on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either

monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision

designed to achieve a straightforward result. Congress enacted the law to protect against

invasions of privacy that were harming people.  The law empowers each person to protect his

own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA

affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon

their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

    3.      Darlene Baumann ("Plaintiff" or "Ms. Potter") brings this action to enforce the

consumer-privacy provisions of the TCPA alleging that International Conference Management

Inc. d/b/a The Image Expo ("Image Expo") made telemarketing calls to numbers on the National

Do Not Call Registry.

    4.      Because telemarketing calls can be made to thousands or even millions of

individuals, Plaintiff brings this action on behalf of proposed nationwide Class of other persons

who were sent similar calls.

5.      A class action is the best means of obtaining redress for the Defendant' illegal

telemarketing and is consistent both with the private right of action afforded by the TCPA and

the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6.      Plaintiff Darlene Baumann is a Texas resident.

7.      Defendant International Conference Management Inc. d/b/a The Image Expo is a

Texas Corporation with its principal place of business in this district.

**Jurisdiction & Venue**

8.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the

Plaintiff' claims arise under federal law.

9.      The Court has personal jurisdiction over the Defendant because they have their

principal place of business in this District.

10.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telemarketing

campaign at issue was organized with Image Expo from this District and Image Expo has its

principal place of business in this District.

**The Telephone Consumer Protection Act**

11.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the

telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing …

can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L.

No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12.     The National Do Not Call Registry allows consumers to register their telephone

numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.

*See* 47 C.F.R. § 64.1200(c)(2).

13.     A listing on the Registry "must be honored indefinitely, or until the registration is

cancelled by the consumer or the telephone number is removed by the database administrator."

*Id*.

14.     The TCPA and implementing regulations prohibit the initiation of telephone

solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted.

47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

15.     Image Expo markets and sells beauty products to individuals.

16.     Image Expo uses telemarketing to promote its products and services and solicit

new customers.

Calls to Plaintiff

17.     Ms. Baumann is, and at all times mentioned herein was, a "person" as defined by

47 U.S.C. § 153(39).

18.     Ms. Baumann's telephone number, (713) 817-XXXX has been on the National

Do Not Call Registry since December 2017.

19.     This number is used for Ms. Baumann's personal use.

20.     The number is not associated with a business.

21.     However, Ms. Baumann received multiple telemarketing texts promoting Image

Expo's products.

22.     These texts are believed to be made by Image Expo directly.

23.     Indeed, the text messages are below and promote purchases from Image Expo:



1:53                                    .ıll LTE ▯

< 10                       +1 (833) 999-0031 ›

Text Message
Mon, Sep 26, 3:14 PM

Flash deal! IMAGE Expo is October
23rd & 24th in Houston. Purchase
your 2-day ticket for $35 today
ONLY by calling 877.219.3976.

www.theimageexpo.com

Mon, Oct 10, 1:36 PM

IMAGE Expo 1 Day Flash Sale! 2-
day tickets ONLY $45 ($75 at
door). Enter code flash45 @
www.theimageexpo.com.

Texas' largest beauty show-Oct.
23-24 in Houston

Today 1:50 PM

IMAGE Expo is October 23-24 in H-
Town!

There's still time to Save! 2-day
tickets ONLY $55 & $75 at the door

Buy now @ theimageexpo.com or
call 877.219.3976

Subject

  Text Message

24. All of the texts were sent from the same Caller ID number.

25. The texts were sent on September 26, October 10 and October 20, 2022.

26. The Defendant has previously received complaints for its telemarketing conduct.

27. The class members were harmed by the conduct that invaded their privacy.

**Class Action Allegations**

28. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of Class of all other persons or entities similarly situated throughout the United States.

29. The Class of persons Plaintiff propose to represent are tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Image Expo (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

30. Excluded from the Class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

31. The Class as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

32. The potential class members number is likely hundreds since telemarketing campaigns make calls to tens or hundreds of individuals each day.  Individual joinder of these persons is impracticable.

33. Plaintiff is a member of the Class.

34. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

a.   Whether the calls were placed without obtaining the recipients' prior consent for the call; and

b.   Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

35.     Plaintiff's claims are typical of the claims of class members.  Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

36.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

37.     In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

38.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

39.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

**Legal Claims**

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

40.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

41.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the members of the Class despite their numbers being on the National Do Not Call Registry.

42.     The Defendant's violations were negligent, willful, or knowing.

43.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

44.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Image Expo from making telemarketing calls (whether directly or via agents) to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as a representative of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.     An award to Plaintiff and the Class of damages, as allowed by law; and

F.      Orders granting such other and further relief as the Court deems necessary, just,

and proper.

G.      Plaintiff and members of the Class are also entitled to and do seek injunctive

relief prohibiting Image Expo from making telemarketing calls (whether directly of via agents)

to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.


DARLENE BAUMANN,
By her attorney

By: */s/ Leland McRae*
     Leland Garrett McRae
     State Bar No. 24086374
     1150 N. Loop 1604 W, Ste. 108-461
     San Antonio, Texas 78248
     (210) 462-7699
     (210) 493-6080 (fax)
     leland@lelandmcrae.com

     Anthony Paronich
     **Paronich Law, P.C.**
     350 Lincoln St, Suite 2400
     Hingham, MA 02043
     Phone: (617) 485-0018
     Fax: (508) 318-8100
     anthony@paronichlaw.com
     *Subject to Pro Hac Vice*

     Attorney for Plaintiffs


     Dated: November 7, 2022